IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DEBRA TALLEY,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a foreign profit corporation,<br><br>Defendants. | NO. 21-2-03477-9 SEA<br><br>COMPLAINT FOR DAMAGES |

COMES NOW, Debra Talley, hereinafter "Plaintiff", by and through her attorneys, Adam Trotsky and Michael E. Mazon, for cause of action against the above-named defendants, and states as follows:

**I. PARTIES**

1. Plaintiff is, and was at all times material, a resident of King County, Washington.

2. At the time of the August 13, 2018 accident, all events took place at the Target Store, located at 2800 SW Barton Street, Seattle, Washington, 98126.

3. Upon information and belief, Defendant Target Corporation is a foreign profit corporation, based in Minneapolis, Minnesota. Defendant Target Corporation's

McNEESE & TROTSKY
Attorneys at Law
11711 Southeast 8th Street Suite 301
Bellevue, Washington 98005
P: (206) 332-1918
F: (844) 269-8269

registered agent is CT Corporation System, with a street and mailing address of 711 Capital Way S, Suite 204, Olympia, WA 98501.

## II. JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this lawsuit as all acts took place in King County, Washington.

## III. FACTS

8. On August 13, 2018, Plaintiff entered the Target Store located in West Seattle at 2800 SW Barton Street. The purpose of her trip was to return a previously purchased item at the Customer Service counter.

9. After Plaintiff entered the store, she proceeded to the Customer Service counter. As Plaintiff proceeded to the Customer Service counter, she passed a door located to her right labeled "Office."

10. Upon information and belief, the "Office" door has a window and only opens outwards into the store. The window allows anyone exiting the "Office" to see customers or Target employees in front of the door.

11. Upon information and belief, as Plaintiff walked past the door labeled "Office," a Target employee was exiting out the "Office" door. The employee opened the door in an aggressive and abrupt manner directly into Plaintiff, as Plaintiff was walking past the "Office" door. The handle of the door forcefully came into contact with Plaintiff's right hand and wrist, thereby causing serious injury.

12. On August 14, 2018, Plaintiff reported this incident to Target employee, Olivia Bell, who assisted Plaintiff in completing a Target Guest Incident Report.

McNeese & Trotsky
Attorneys at Law
11711 Southeast 8th Street Suite 301
Bellevue, Washington 98005
P: (206) 332-1918
F: (844) 269-8269

13. Upon information and belief, Targe had video cameras in their store that captured this incident. Upon information and belief, this video was not maintained by Target.

14. Counsel for Plaintiff spoke with a representative of Target who contended that it is unclear if this incident even happened

## IV. NEGLIGENCE BY DEFENDANT TARGET

15. Plaintiffs incorporate Paragraphs "1" through "14" as if fully alleged herein.

16. At the time of the fall, Plaintiff will be categorized as an invitee. As an invitee, Plaintiff has a reasonable expectation that the subject premises of Target have been made safe for her.

17. It was and is foreseeable that patrons of Target would be in the Customer Service area and would walk past the subject "Office" door to get to the Customer Service area.

18. Defendant Target is vicariously liable for the negligence of their employees, staff, and contractors' work performed in their facility, based on the principal/agency law and/or the doctrine of *respondeat superior*.

19. Defendant Target owed Plaintiff a non-delegable duty to exercise reasonable care with respect to the conditions on their premises, including looking through the window of the "Office" door prior to opening it to confirm the door would not hit a patron of Target or another employee when it was opened.

20. Upon information and belief, the Target employee who opened the door knew or should have known that Plaintiff was in front of the "Office" door when it was opened into Plaintiff. The failure of the Target employee who exited the Office

McNEESE & TROTSKY
Attorneys at Law
11711 Southeast 8th Street Suite 301
Bellevue, Washington 98005
P: (206) 332-1918
F: (844) 269-8269

through the "Office" door when Plaintiff was in front of the door caused a hazardous condition for Plaintiff.

21. Upon information and belief, the failure of the Target employee who opened the "Office" door without looking through the window of the door to confirm it would not open into patrons of Target or other employees, created an unsafe condition on the Target.

22. Upon information and belief, the Target employee's unsafe business practice of exiting the office through the "Office" door without visually confirming through the window of the door that it would not hit any patrons or other Target employees when opened, was a breach of their duty to exercise reasonable care with respect to the conditions on the Target premises.

23. Defendant Target owed Plaintiff a duty to exercise reasonable care with respect to the conditions on their premises which pose an unreasonable risk of harm.

24. Defendant Target breached this duty. As a direct and proximate result of Defendant Target's negligence, Plaintiff suffered personal injuries which have caused her to incur:

a) reasonable and necessary medical expenses;

b) present and future wage loss and loss of future earning capacity; and

c) physical and emotional pain and suffering in an amount to be proven at time of trial.

## V. NEGLIGENT HIRING AND/OR SUPERVISION BY DEFENDANT TARGET

25. Plaintiff incorporates Paragraphs "1" through "24" as if fully alleged herein.

McNEESE & TROTSKY
Attorneys at Law
11711 Southeast 8th Street Suite 301
Bellevue, Washington 98005
P: (206) 332-1918
F: (844) 269-8269

26. Upon information and belief, Defendant Target owed a duty of care to their patrons, including Plaintiff, to safely hire, train, and/or supervise their employees and agents, as referenced above.

27. Upon information and belief, Defendant Target breached this duty to Plaintiff when they negligently hired, trained, and/or supervised their employees and staff, causing and/or contributing to the injuries sustained by Plaintiff related to the "Office" door forcefully opening into Plaintiff and colliding with her right hand.

28. Upon information and belief, Defendant Target breached these duties. As a direct and proximate result of the above referenced negligent hiring, training, and supervision. Plaintiff suffered personal injuries which have caused her to incur:

a) reasonable and necessary medical expenses;

b) present and future wage loss and loss of future earning capacity; and

c) physical and emotional pain and suffering in an amount to be proven at time of trial.

## VI. SPOLIATION

29. Plaintiff incorporates Paragraphs "1" through "28" as if fully alleged herein.

30. Upon information and belief, the video evidence of the "Office" door opening into Plaintiff is important to this case.

31. Upon information and belief, Target had adequate notice and opportunity to retain this important video evidence.

32. Upon information and belief, this video evidence of the Target employee opening the "Office" door into Plaintiff was in the sole possession of Target, Target was aware of

MCNEESE & TROTSKY
Attorneys at Law
11711 Southeast 8th Street Suite 301
Bellevue, Washington 98005
P: (206) 332-1918
F: (844) 269-8269

Plaintiff's claim for damages related to this incident, and there is no satisfactory explanation for why Target failed to produce/preserve this video evidence.

33. Upon information and belief, the only inference that can be drawn from this failure is that such video evidence would have been unfavorable to Defendant Target.

34. Upon information and belief, Target acted in bad faith or conscious disregard of the importance of the video evidence.

## V. CAUSATION AND DAMAGES

35. Plaintiff incorporates Paragraphs "1" through "34" as if fully alleged herein.

36. As a direct and proximate result of Defendant Target's negligence, Plaintiff suffered personal injuries which have caused Plaintiff to incur:

a) reasonable and necessary medical expenses;

b) present and future wage loss and loss of future earning capacity;

c) physical and emotional pain and suffering in an amount to be proven at time of trial.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant, Target Corporation, for:

a) physical and emotional pain and suffering in an amount to be proven at time of trial;

b) medical bills in an amount to be proven at time of trial;

c) wage loss and loss of earning capacity in an amount to be proven at time of trial;

McNEESE & TROTSKY
Attorneys at Law
11711 Southeast 8th Street Suite 301
Bellevue, Washington 98005
P: (206) 332-1918
F: (844) 269-8269

d) Plaintiff's costs and disbursements incurred herein;

e) reasonable attorney fees pursuant to RCW 4.84 et.seq.;

f) 12% prejudgment interest; and

g) such further relief as the court may deem equitable.

DATED this 16th day of March, 2021.

**McNeese & Trotsky, PLLC**

Adam Trotsky, WSBA #31506
Charles B. McNeese, WSBA #24924
Attorneys for Plaintiff Talley

**Seattle Law Offices of Michael E. Mazon**

Michael E. Mazon, WSBA #14446
Attorney for Plaintiff Talley

McNeese & Trotsky
Attorneys at Law
11711 Southeast 8th Street Suite 301
Bellevue, Washington 98005
P: (206) 332-1918
F: (844) 269-8269